UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| THOMAS BALDWIN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) 2:19-cv-00026-JDL ) |
| MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, | ) ) ) ) ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S MOTION TO
DISMISS DEFENDANT'S COUNTERCLAIM**

Thomas Baldwin's complaint (ECF No. 1-2) asserts claims against Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") for violating the Maine Unfair Trade Practices Act ("MUTPA"), 5 M.R.S.A. §§ 205-A–214, and for negligent misrepresentation. Merrill Lynch's answer (ECF No. 24) includes a counterclaim seeking a declaratory judgment against Baldwin. Baldwin moves to dismiss the counterclaim (ECF No. 29). A hearing on Baldwin's motion was held on January 15, 2020. For the reasons explained below, I deny the motion.

**I. DISCUSSION**

At its core, Baldwin's complaint alleges that Merrill Lynch misrepresented the tax benefits of a college savings program it manages. On a motion to dismiss, a court treats the allegations contained in the complaint as true. Nevertheless, I emphasize that the allegations have not been proven. Specifically, the complaint alleges the following facts: Merrill Lynch manages Maine's 529 college savings

program. In several places on its website, Merrill Lynch represented that New York state taxpayers who enroll in Maine's 529 college savings program are eligible for certain New York state tax benefits. However, in fact, those tax benefits are available only to New York state taxpayers who enroll in New York's 529 college savings program, not to those who enroll in Maine's.

Baldwin, a New York resident, enrolled in Maine's 529 college savings program. Based on the alleged misrepresentations on Merrill Lynch's website, Baldwin erroneously believed that his enrollment made him eligible for the same tax benefits as if he had enrolled in New York's 529 college savings program. As a result, he failed to pay the full amount of New York state taxes he owed and incurred civil penalties for unpaid taxes.

Merrill Lynch's counterclaim alleges that when Baldwin enrolled in Maine's 529 college savings program, he signed a Participation Agreement indicating that Merrill Lynch did not have "any duty to determine or advise [him] of the investment, tax, or other consequences" of his decision to enroll in the program. ECF No. 24 at 27, ¶ 20. The counterclaim seeks a declaratory judgment that this provision of the Participation Agreement is enforceable against Baldwin.

Additionally, Merrill Lynch's counterclaim alleges that by signing the Participation Agreement, Baldwin adopted its provision stating that he "ha[d] consulted with [his] tax advisor regarding the state tax consequences" of enrolling in Maine's 529 college savings program. *Id.* at 25, ¶ 15. The counterclaim seeks to estop Baldwin from asserting otherwise. Similarly, the counterclaim alleges that by signing the Participation Agreement, Baldwin represented that he "ha[d] not relied

on any representations or other information . . . other than as set forth in the Program Description . . . and in this [agreement]." *Id.* at 24, ¶ 10. Based on this representation, the counterclaim seeks to estop Baldwin from asserting that he relied on any information outside of the Program Description and Participation Agreement, apparently including the alleged misrepresentations on Merrill Lynch's website set forth in Baldwin's complaint.

Baldwin moves to dismiss the counterclaim, asserting that it effectively seeks a declaration that by signing the Participation Agreement, he waived certain rights under the MUTPA, including the right to assert claims based on the alleged misrepresentations on Merrill Lynch's website.[1] Baldwin contends that the declaration Merrill Lynch seeks is contrary to the MUTPA, which provides that "[a]ny waiver by a consumer of the provisions of this chapter is contrary to public policy and shall be unenforceable and void." 5 M.R.S.A. § 214 (West 2020).

Thus, Baldwin's motion to dismiss turns on whether the disclaimers contained in the Participation Agreement Baldwin signed constitute waivers that are prohibited by the MUTPA.[2] In *Department of Human Services v. Bell*, 711 A.2d 1292 (Me. 1998), the Law Court explained that "[w]aiver is the voluntary and knowing relinquishment of a right and may be shown by a course of conduct signifying a purpose not to stand

---

[1] The MUTPA provides that "unfair or deceptive acts or practices in the conduct of any trade or commerce are . . . unlawful." 5 M.R.S.A. § 207 (West 2020). Consumers who are injured by such unlawful acts or practices may bring a private action for damages and other relief under the MUTPA. *See* 5 M.R.S.A. § 213(1) (West 2020).

[2] Merrill Lynch separately argues that it is exempt from the MUTPA's anti-waiver provision under 5 M.R.S.A. § 208(1) because its "business activities are subject to regulation by a state or federal agency" under § 208(1)(A), and the "specific activity that would otherwise constitute a violation" of the MUTPA "is authorized, permitted, or required" by a state agency under § 208(1)(B). However, Merrill Lynch has not established that the "specific activity" at issue—the alleged misrepresentations on its website—was so authorized and thus has not established that it is exempt from the anti-waiver provision.

on a right, and leading, by reasonable inference, to the conclusion that the right in question will not be insisted upon." *Id.* at 1294−95 (quoting *Dep't. of Human Servs. v. Brennick*, 597 A.2d 933, 935 (Me. 1991)).  Thus, whether Baldwin and Merrill Lynch's course of conduct establishes a waiver, which would be void and unenforceable under the MUTPA, presents a mixed question of law and fact that requires an assessment of facts beyond those contained in the parties' pleadings. Similarly, the meaning and enforceability of the disclaimers in the Participation Agreement rest on facts associated with the parties' course of conduct and, therefore, present mixed questions of law and fact.[3]  The pleadings do not contain allegations about the parties' course of conduct.  Accordingly, these questions cannot be resolved on the pleadings and should instead be decided after discovery has been completed on a motion for summary judgment or at trial.

## II.  CONCLUSION

For the reasons discussed above, the Plaintiff's Motion to Dismiss (ECF No. 29) is **DENIED**.

**SO ORDERED.**

**Dated:  April 15, 2020**

                                                               /s/ JON D. LEVY
                                              **CHIEF U.S. DISTRICT JUDGE**

---

[3] The parties have not addressed whether the disclaimers are unambiguous, and I will not assume that they are at this early stage.  *See Barr v. Dyke*, 49 A.3d 1280, 1286 (Me. 2012) (recognizing that the construction and enforceability of a disclaimer-of-reliance provision depends, in part, on whether the contract term is unambiguous).